Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicant*
*HYBE Co., Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of HYBE Co., Ltd.,<br><br>     Applicant. | CASE NO. 3-24-mc-80117<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING; AND MEMORANDUM OF POINTS AND AUTHORITIES** |

## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. Section 1782, Applicant HYBE Co., Ltd. ("**Applicant**") hereby moves *ex parte* for an order authorizing limited discovery for use in a criminal matter in the Republic of Korea ("**Application**"). As further stated in the proposed subpoena, the Applicant seeks limited discovery from X Corp. ("**X Corp.**"), which is an entity located in this district.

US district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery

1

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.,* 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte"); Frischknecht and Lindsey, *Evidence gathering in aid of foreign proceedings in the US and England,* International Bar Association, August 4, 2021 at https://www.ibanet.org/evidence-gathered-foreign-proceedings-US-England (last visited May 9, 2024). For the reasons set forth herein, the Applicant respectfully requests this Court decide this Section 1782 application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, proposed subpoena, Exhibits and the Declarations of Mun Hui Kim and Gwang Su Choi, all of which are filed concurrently herewith.

Dated: May 14, 2024          STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/ _____
Eugene Kim

*Attorneys for Applicant*
*HYBE Co., Ltd.*

2

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Applicant, a multinational entertainment company with a focus on managing and training K-pop artists, has come under attack by an anonymous individual ("**X User**") posting false, defamatory and harassing statements on the X platform (formerly known as Twitter) about the Applicant. To stop this anonymous X User, the Applicant has brought a criminal complaint with the law enforcement authorities in the Republic of Korea ("**Korea**"). Unfortunately, without the X User's personally identifiable information ("**PII**") the criminal case cannot be fully prosecuted.

To date, the Applicant's attempts to locate the true identity of this anonymous person(s) through publicly available information have been unsuccessful. Choi Decl. ¶ 8. As a result, the Applicant now needs the assistance of this Court.

As set forth below, the Applicant satisfies all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent X Corp. from objecting or moving to quash the targeted requests made in the proposed subpoena, which is attached as **Exhibit A**.

## II.  FACTUAL BACKGROUND

### A.  Criminal Matter in the Republic of Korea

HYBE Co., Ltd. ("**HYBE**"), is a multinational entertainment company established in February 2005 under the laws of Korea and its principal place of business is in Seoul, Korea. Choi Decl. ¶ 3. HYBE is engaged in the entertainment business with a focus on managing and training K-pop singers, operating a record label, a talent agency, a music production company, event and concert management company, and music publishing house. *Id*. at ¶ 4. HYBE's subsidiaries include BIGHIT MUSIC Co., Ltd. ("**BIGHIT MUSIC**") (formerly Big Hit Entertainment from 2005 to March 2021). *Id*.

The Applicant and its subsidiary BIGHIT MUSIC employ a management style that includes a wide use of social media to cultivate an audience for the company and its artists, and

3

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

transform fan engagement and interest into sales, artist-related content and other benefits for the Applicant and its artists. *Id*. at ¶ 5. As a result, false allegations, defamatory and harassing statements made by anonymous individuals against HYBE, BIGHIT MUSIC and/or its artists can cause damage to both those being attacked and the HYBE shareholders. *Id*.

The X User, using the X account "@guiltyarchive" ("**X account**"), posted numerous statements about HYBE on the X platform ("**Tweets**") on April 28, 2024. *Id*. ¶ 6, Ex. 1. In one Tweet, the X User posted:

> Hella scary story about HYBE / The name of GFriend[1] album = Walpurgis Night / Walpurgis night = day of burning witches / GFriend disbandment date May 1 / LE SSERAFIM debut May 2 / Witches were burnt (disbanded) and the next day sserafim (angel) debuted – there is a year gap but just for ease of understanding.

*Id*. at ¶ 7(a).

In another Tweet, the X User posted:

> I'm a reasonable person so if it was a total nonsense, I wouldn't have even posted it / [BTS] did their debut showcase in Ilchi Art Hall / 'Ilchi' in Inchi Art Hall is related to DahnWorld[2] founder.

*Id*. at ¶ 7(b).

These Tweets and many others posted by the X User contain numerous false, defamatory and/or harassing statements about the Applicant, all of which constitute crimes under the laws of the Republic of Korea. *Id*. ¶¶ 7-8; Kim Decl. ¶¶ 5-7. As of May 10, 2024, the X User has posted 4,889 Tweets and his account is active. Choi Decl. ¶ 6. The X User, who has approximately 108,000 followers, will likely continue to post similar Tweets, which will continue to inflict significant reputational damage on the Applicant. *Id*. ¶¶ 6, 8.

On May 2, 2024, the Applicant filed a criminal complaint with the Seoul Yongsan Police Station claiming defamation and the crime of business interference against the X User under

---

[1] A female K-pop group established by Source Music, which was acquired by HYBE. The group disbanded in 2021.
[2] A meditation entity in Seoul, Korea that is also rumored to be a religious cult. There were false rumors that HYBE had ties with DahnWorld, which both officially denied.

4

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Korean law ("**Criminal Matter**"). Choi Decl. ¶ 9; Kim Decl. ¶ 5. Specifically, the Applicant asserted that the X User committed defamation pursuant to Article 70(2) of the Act on Promotion of Information and Communications Network Utilization and Information Protection, and a crime of business interference under Articles 313 and 314 of the Korean Criminal Act. Kim Decl. ¶¶ 6-7.

### B. Limited Discovery Sought From X Corp.

X Corp. is an American multinational company with its principal place of business located at 1355 Market Street, Suite 900, San Francisco, California 94103. Kim Decl. ¶ 12, Ex. 1. X Corp. owns and operates X (formerly Twitter), which is one of the world's largest social media platforms where users can post messages, upload images and videos, and share comments.[3] To post on the X platform, users need to log into their X account after they initially create an X handle.[4]

Without the true identity of the X User, the Applicant will be unable to fully prosecute the Criminal Matter. Choi Decl. ¶ 10; Kim Decl. ¶ 8. The subpoena is narrowly tailored to seek documents from X Corp. that will reveal the X User's identity through his or her PII in the subject X account. Kim Decl. ¶¶ 8, 16.

### III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under a federal statute 28 U.S.C. § 1782(a). Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this District, as discussed herein.

/ / /

/ / /

---

[3] *See* Fed. R. Evid. 201(b) (the information provided about X Corp. and the X platform (formerly known as Twitter) are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); Wikipedia, the Free Encyclopedia, X Corp., at https://en.wikipedia.org/wiki/Twitter (last visited May 13, 2024).

[4] X Help Center, *Signing up with X* available at https://help.twitter.com/en/using-x/create-x-account (last visited May 13, 2024).

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

5

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

## IV. LEGAL STANDARD

This Court is authorized to grant a Section 1782 application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

> [1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252.

## V. ARGUMENT

**A. This Application Meets All of the Statutory Requirements of Section 1782**

As set forth herein, this Application meets the requirements of Section 1782.

First, X Corp. "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is San Francisco, California, which is located in this judicial district. Kim Decl. ¶ 12, Ex. 1; *see also Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034-DMR, 2022 WL 1157490, at *3 (N.D. Cal. April 19, 2022) ("Twitter's headquarters are in San Francisco, California, which is in this district.").

6

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Second, the Applicant seeks discovery to aid in the prosecution of the Criminal Matter in Korea. Kim Decl. ¶ 8. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. Here, the Applicant has brought a complaint with the law enforcement authorities in Korea and is seeking the X User's identity to fully prosecute the matter. Kim Decl. ¶¶ 5, 8.

Third, the Applicant brought the Criminal Matter because it relates to crimes committed against them by the anonymous X User. Kim Decl. ¶¶ 3-7. Thus, the Applicant satisfies the third statutory requirement for being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

**B. Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of this Court granting this Application.

**1. X Corp. is a nonparticipant in the Korean Criminal Matter**

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

X Corp., and its former owner Twitter, Inc., are not named in the Korean Criminal Matter. Kim Decl. ¶ 12. Since X Corp. and the requested documents are located in this District,

7

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1  which is outside the Korean courts' jurisdictional reach over nonparticipants, evidence available
2  from X Corp. through a United States federal court proceeding is unobtainable by the Applicant
3  in Korea absent Section 1782(a). *Id*. ¶ 12; Ex. 1; *see Intel*, 542 U.S. at 264. Accordingly, this
4  first factor weighs heavily in favor of granting this Application.

**2.  Korean Tribunals are receptive to U.S. judicial assistance**

Next, the Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. March 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977) (granted Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granted Korean National Court Administration's request for information and documents from Google, Inc.); *In re Request for Judicial Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, No. 23-mc-800016-BLF, 2023 WL 2394545, at *1 (N.D. Cal. Mar. 7, 2023) (granted Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

Additionally, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

8
STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Here, the Korean courts are receptive to the U.S. federal court's assistance in discovery matters, including through Section 1782 requests for information to identify persons who anonymously publish statements on social media platforms. Kim Decl. ¶ 13. By contrast, there are no Korean laws or policies that limit or otherwise prevent the U.S. federal courts from assisting the Applicant obtain discovery in order to identify the X User in the manner proposed in this Application. Kim Decl. ¶¶ 14-15. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. For the foregoing reasons, this second factor weighs heavily in favor of granting this Application.

### 3. The Applicant is not seeking to circumvent any Korean court procedures

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district recently stated, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May. 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)); *see also In re Kim,* No. 5:24-mc-80072-PCP, 2024 WL 1898453, at *1 (N.D. Cal. April 30, 2024) (granting interested parties' Section 1782 request in aid of a Korean criminal matter asserting defamation and criminal insult against an anonymous YouTuber).

Here, the Applicant is not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. Kim Decl. ¶ 15. In fact, the opposite is true. The Applicant's Korean counsel anticipates that evidence will be admissible in the Korean proceeding. *Id*. Absent any evidence to contradict this Application,[5] this third factor also weighs in favor of granting this Application.

---

[5] *See* Section V.B.2 above regarding past cases where district courts granted Korean tribunals' request for discovery.

9

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**4. This Application is not unduly intrusive or burdensome**

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome *in part* may be "trimmed" so that the requests can be partially authorized. *Id.*

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), the Applicant's requests are narrow in scope and number. The Applicant's proposed subpoena consists of three requests for documents about the X User's identity, like his or her name, address, and other information that will lead to the discovery of PII, which X Corp. maintains in the regular course of business. *See* Ex. A; Kim Decl. ¶¶ 9-11, 16; *see also In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (name, address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782).

As noted in Section II.A above, the X User is not using his or her real name for the X account. Since there is a high probability that this person is not providing a true name and address to X Corp., the access logs may be the only way to clearly identify the X User. Kim Decl. ¶ 10. Without such information, it is possible the name(s) and address(es) X Corp. has on file in connection with the X User are fictitious or otherwise not helpful for the Applicant in the Korean Criminal Matter. If that were to occur, the access logs would likely become the only information available to assist the Applicant. *See, e.g.*, *In re Med. Corp. H&S*, No. 19-mc-80186-VKD, 2019 WL 3945003, at *4 (N.D. Cal. Aug. 21, 2019) (granting "no more than six months of access log information" from Google); *In re Med. Corp. H&S*, No. 19-mc-80107-SVK, 2019 WL 2299953, at *3 (N.D. Cal. May. 30, 2019) (authorizing service of a subpoena on Google); *In re Bleach, Inc.*, No. 5:24-mc-80021-PCP, 2024 WL 1898450, at *2 (N.D. Cal., April 30, 2024) (authorizing service of a subpoena on X Corp. for an anonymous X user's "basic identifying information ... and access log data associated with the X account from September 2023

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

10

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

onwards."). Finally, as noted in Attachment A of the proposed subpoena, the Applicant's counsel is willing to meet and confer regarding the access log request so that only the information necessary to identify the X User is provided.

Accordingly, this last factor weighs in favor of the Applicant because its requests for documents are narrow, are not intrusive or burdensome, and X Corp. has a right to object, seek a protective order, or otherwise seek to narrow the requests.

## VI. CONCLUSION

For the reasons stated above, the Applicant respectfully requests this Court exercise its discretion under Section 1782 to grant this Application and permit it to issue the proposed subpoena to X Corp.

Dated: May 14, 2024            STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/
Eugene Kim

*Attorneys for Applicant*
*HYBE Co., Ltd.*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

11

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record, certifies that this brief contains 3,451 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 14, 2024              STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/ _____
Eugene Kim
*Attorneys for HYBE Co., Ltd.*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

CERTIFICATE OF COMPLIANCE

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| In re Ex Parte Application of HYBE Co., Ltd. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  X. Corp.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: eugene.kim@streamkim.com; or at: Stream Kim Hicks Wrage & Alfaro, PC, c/o Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ HYBE CO., LTD. _____, who issues or requests this subpoena, are:

Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

　　I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

　　❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

　　❏ I returned the subpoena unexecuted because: _____
_____ .

　　Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

　　I declare under penalty of perjury that this information is true.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Server's signature*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Server's address*

Additional information regarding attempted service, etc.:

**Exhibit A**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# Exhibit A

## ATTACHMENT A

### I. Definitions

A. The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B. The term "X Account" means the X Corp. (formerly Twitter) account(s) registered or otherwise linked to the person or persons who created, uses and/or otherwise logs in to the X username "@guiltyarchive" with associated URL https://twitter.com/guiltyarchive.

C. The term "Access Logs" means the dates, times, Internet Protocol addresses, port numbers and any other related information that is kept by X Corp. when users log in or post (also known as tweet) to his or her X Account (as defined above).

### II. Requests for Production

1. Any and all Documents that identify the person or persons who created the X Account, including each and every registered, recovery and/or otherwise associated:
   a. Name(s),
   b. Gender,
   c. Date of Birth,
   d. Address(es),
   e. Email address(es), and/or
   f. Telephone numbers.

2. Any and all Documents that identify the person or persons with credit cards and/or other payment methods registered with the X Account, including:
   a. Name(s),
   b. Gender,
   c. Date of Birth,

1

## Exhibit A

d. Address(es),
e. Email address(es), and/or
f. Telephone numbers.

Please note this request does not seek the actual credit card numbers, bank account numbers or passwords to such payment methods.

3. Any and all Documents that identify the login history, including but not limited to the Access Logs associated with the X Account from January 1, 2024 up to and including the date of your production of documents or tangible things.

Please note that Applicant's Counsel is willing to meet and confer with X Corp. to discuss ways to narrow this request.

2

**Exhibit A**