UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re EX PARTE APPLICATION OF
HYBE CO., LTD.,

Applicant.

Case No. 24-mc-80117-VC

**ORDER DENYING EX PARTE APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782**

Re: Dkt. No. 1

The application for a discovery order under 28 U.S.C. § 1782 is denied. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the applicant.

HYBE's request satisfies the minimum prerequisites of section 1782: X is based in this district, the requested documents would be used in a Korean criminal proceeding, and HYBE (the alleged victim and complainant) is an interested party to the criminal matter. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). And there are many reasons to deny HYBE's application. As an initial matter, it seems odd that a foreign private citizen could use an American court to access another foreign private citizen's personal information just by filing a criminal complaint in their home country. That alone raises abuse of process concerns. Moreover, the discretion to carry out criminal investigations typically rests with the prosecutor, not the victim (including in the Republic of Korea). *See In re Choi*, No. 24-MC-80043-EJD, 2024 WL 1120130, at *3 (N.D. Cal.

Mar. 14, 2024); *see also Lazaridis v. International Centre for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 115 (D.D.C. 2011). HYBE's discovery request inverts that dynamic. Indeed, there is no indication that local police ever followed up on HYBE's criminal complaint. And if the Korean authorities ever decide to pursue this matter, they can apply for a section 1782 discovery order themselves—or go through the process laid out in the mutual legal assistance treaty between the United States and the Republic of Korea. *See In re Application of O2CNI Co., Ltd.*, No. 13-MC-80125-CRB (LB), 2013 WL 4442288, at *8 (N.D. Cal. Aug. 15, 2013); *see also In re Search of Premises Located at 840 140th Avenue NE, Bellevue, Washington*, 634 F.3d 557, 564 (9th Cir. 2011).

**IT IS SO ORDERED.**

Dated: June 28, 2024

_____
VINCE CHHABRIA
United States District Judge